IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

YOLANDA HUNTER,

    Plaintiff,

v.

LITIGATION MEDIATION GROUP, INC.
a corporation, STEPHANIE HARRIS, an
individual, and G.K. MARSDEN, an
individual,

    Defendants.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72. (hereafter the "FCCPA")..

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendants transact business in this district.

## PARTIES

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant, LITIGATION MEDIATION GROUP, INC. ("Defendant") or ("LMG") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

6. At all relevant times herein, Defendant, STEPHANIE L. HARRIS ("Defendant Harris") was owner and/or director of Defendant LMG. As an officer, shareholder and/or director of Defendant LMG, Defendant Harris was responsible for the overall success of the company. Defendant Harris is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6): she materially participated in collecting debt by occupying a position of critical importance to Defendant LMG's business; as the owner of Defendant LMG, she exercised control over the affairs of a debt collection business; and she was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant LMG's affairs and Defendant Harris continued to play a key role in maintaining and expanding Defendant LMG's debt collection activities throughout the time in question.

7. At all relevant times herein, Defendant, G.K. MARSDEN ("Defendant Marsden") was owner and/or director of Defendant LMG. As an officer, shareholder and/or director of Defendant LMG, Defendant Marsden was responsible for the overall success of the company. Defendant Marsden is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6): he/she materially participated in collecting debt by occupying a position of critical importance to Defendant LMG's business; as the owner of Defendant LMG, he/she exercised control over the affairs of a debt collection business; and he/she was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant LMG's

affairs and Defendant Marsden continued to play a key role in maintaining and expanding Defendant LMG's debt collection activities throughout the time in question.

8. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) as well as the FCCPA.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. Within one (1) year preceding the date of this Complaint, Defendants made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

13. Within one (1) year preceding the date of this Complaint, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

14. In connection with the collection of an alleged debt, Defendants caused Plaintiff's telephone to ring continuously and repeatedly no less than twenty-four (24) times between January 19, 2011 and February 22, 2011, including, but not limited to, causing Plaintiff's telephone to ring ten (10) times on February 17, 2011, conduct intended to harass, annoy or abuse Plaintiff.

15. In connection with collection of an alleged debt, Defendants, via their agent and/or employee "Tom Floyd," contacted Plaintiff via cellular telephone call on February 22, 2011 at 11:57 A.M., and at such time, left a voicemail message in which Defendants falsely stated, "I'm not going away. I'll call you every day for the rest of my life if I have to," language the natural consequence of which was to abuse Plaintiff.

16. In connection with collection of an alleged debt, Defendants, via their agent and/or employee "Tom Floyd" contacted Plaintiff via cellular telephone call on January 19, 2011 at 9:36 A.M., January 24, 2011 at 2:55 P.M., January 25, 2011 at 8:41 A.M., February 9, 2011 at 10:57 A.M., February 17, 2011 at 9:43 A.M., February 21, 2011 at 1:30 P.M. and February 22, 2011 at 11:57 A.M., and in each such instance, left a voicemail message in which Defendants failed to notify Plaintiff that the communication was from a debt collector.

17. Defendants placed no fewer than twenty-four (24) non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system, including, but not limited to, calls on: January 19, 2011 at 9:36 A.M., January 24, 2011 at 9:40 A.M. and 2:55 P.M., January 25, 2011 at 8:41 A.M., February 8, 2011 at 11:21 A.M., February 9, 2011 at 10:57 A.M., February 10, 2011 at 9:40 A.M., February 11, 2011 at 10:05 A.M., February 15, 2011 at 11:05 A.M., February 17, 2011 at 9:42 A.M., 9:43 A.M., 12:10 P.M., 12:27 P.M., 4:31 P.M., 4:54 P.M., 5:44 P.M., 6:38 P.M., 6:42 P.M., and 7:26

P.M., February 18, 2011 at 12:29 P.M., February 21, 2011 at 1:30 P.M., and February 22, 2011 at 11:57 A.M.

18. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

19. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

20. Defendants violated 15 U.S.C. § 1692d(2) by using language the natural consequence of which was to abuse Plaintiff, in connection with collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692d(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

22. Defendants violated 15 U.S.C. § 1692d(5) by causing the Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

24. Defendants violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

26. Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

28. Defendants violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendants violated 15 U.S.C. § 1692e(11);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 18.

30. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the express consent of Plaintiff, using an automatic telephone dialing system.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii);

    b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

    c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

    d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

    e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## COUNT VII
## VIOLATIONS OF THE SECTION 559.72(7) OF THE FCCPA

31. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-18 of this complaint.

32. Defendants violated §559.72(7) of the Florida Consumer Collection Practices Act by willfully engaged in conduct which could reasonably be expected to abuse or harass the Plaintiff and members of his family.

33. As a result of Defendants' violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, YOLANDA HUNTER, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

    c. Statutory damages of $1,000.00;

    d. Plaintiff's attorneys' fees and costs;

    e. Any other relief deemed appropriate by this Honorable Court.

## COUNT VIII
## VIOLATIONS OF THE SECTION 559.72(8) OF THE FCCPA

34. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-18 of this complaint.

35. Defendants violated §559.72(8) of the Florida Consumer Collection Practices Act by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her family.

36. As a result of Defendants' violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, YOLANDA HUNTER, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

### TRIAL BY JURY

37. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 9th day of May, 2011.

Respectfully submitted,
**YOLANDA HUNTER**

By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com